UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JENNIFER W. BRODERICK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-10668-JLT |
| | * | |
| PNC FINANCIAL SERVICES GROUP, | * | |
| INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

January 30, 2013

TAURO, J.

I.  Introduction

Plaintiff Jennifer Broderick ("Broderick") brings this suit against Defendant PNC Financial Services Group, Inc. ("PNC") arising out of Broderick's home mortgage loan. Broderick alleges that National City Mortgage ("NCM") engaged in unfair and deceptive trade practices when it originated her home mortgage loan, and that PNC is liable as NCM's successor in interest. PNC moves to dismiss Broderick's Amended Complaint. Because Broderick's claim is time-barred, PNC's Motion to Dismiss Amended Complaint [#9] is ALLOWED.

II.  Factual Background[1]

On or about November 28, 2007, Broderick and her husband, Attorney Steven Midgley, contacted NCM to apply for a mortgage loan for property located at 17 Country Road, Attleboro,

---

[1] Broderick alleges the following facts in her Amended Complaint [#6].

Massachusetts.[2] The loan application was a joint application filed by Broderick and Midgley based on their combined monthly income of $7,000.[3] NCM's agents confirmed that the $7,000 figure on the loan application was "household income."[4] Broderick submitted her W-2 forms to NCM,[5] which listed her annual income as approximately $2,600.[6]

Between November 28, 2007, and January 11, 2008, unknown to Broderick, NCM's agents removed Midgley's name from the loan application because of his bad credit history, but left Broderick's name and the $7,000 household income figure.[7]

On or about January 11, 2008, Broderick attended the loan closing.[8] At the closing, Midgley and NCM's attorney gave Broderick the loan documents to "quickly and summarily sign."[9] Broderick signed the documents without first reading them.[10] The documents listed Broderick "as the only borrower and the only debtor on the note."[11]

---

[2] Am. Compl. ¶ 5.

[3] Am. Compl. ¶ 5.

[4] Am. Compl. ¶ 7.

[5] Am. Compl. ¶ 6.

[6] Am. Compl. ¶ 10.

[7] Am. Compl. ¶ 7.

[8] Am. Compl. ¶ 9.

[9] Am. Compl. ¶ 9.

[10] Am. Compl. ¶ 9.

[11] Am. Compl. ¶ 8.

In 2009, Midgley filed for a divorce from Broderick.[12] It was only during the divorce proceedings that Broderick learned that she was the sole borrower listed on the loan documents.[13] Broderick defaulted on the loan, which caused her to lose her down payment and the costs of improvements made to the property.[14] The default also damaged her credit rating, made it difficult to find employment, and caused severe emotional distress.[15]

Broderick filed her complaint on April 15, 2012.[16] Broderick brings one count for unfair and deceptive trade practices, under Mass. Gen. Laws ch. 93A ("Chapter 93A"). Although somewhat unclear, it appears that Broderick's theory of liability is that NCM wrongfully originated a home mortgage loan that was "doomed to default" because NCM listed Broderick as the sole borrower on the loan documents, but calculated the loan payments based on Broderick and Midgley's joint income.[17] Broderick further alleges that PNC is liable as NCM's successor in interest on the loan.[18] PNC moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that Broderick's Chapter 93A claim is time-barred.

---

[12] Am. Compl. ¶ 10.

[13] Am. Compl. ¶ 10.

[14] Am. Compl. ¶ 10.

[15] Am. Compl. ¶ 10.

[16] Compl. [#1]. Broderick filed an Amended Complaint on May 9, 2012. Am. Compl. [#6].

[17] Am. Compl. ¶¶ 6, 8. This court's analysis, however, does not change if Broderick's theory of liability is that NCM wrongfully removed Midgley's name from the loan documents, Am. Compl. ¶ 7, or failed to make required disclosures. Am. Compl. ¶ 9. In all of these scenarios, for the reasons described below, Broderick's cause of action accrued in January 2008.

[18] Am. Compl. ¶ 2.

3

III.  Discussion

    A.  Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] The court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.[20] The court need not, however, accept the plaintiff's legal conclusions as true.[21] To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[22]

    B.  Statute of Limitations

A four-year statute of limitations applies to Broderick's Chapter 93A claim.[23] Ordinarily, a Chapter 93A cause of action accrues "at the time injury results from the assuredly unfair or deceptive acts."[24] Here, Broderick was injured, and her cause of action accrued, when she entered into the allegedly improper loan.[25] According to her complaint, Broderick signed the loan documents on or about January 11, 2008. She filed this action on April 15, 2012, four years and

---

[19] Fed. R. Civ. P. 8(a)(2).

[20] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[21] Id.

[22] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[23] Mass. Gen. Laws ch. 260, § 5A.

[24] Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993) (citing Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 560 N.E.2d 122, 125-126 (Mass. App. Ct. 1990)); see Salois v. Dime Sav. Bank of N.Y., 128 F.3d 20, 25 (1st Cir. 1997).

[25] See Salois, 128 F.3d at 25-27; Okoye v. Bank of N.Y. Mellon, No. 10-11563-DPW, 2011 WL 3269686, at *4 (D. Mass. July 28, 2011).

three months later. As a result, unless Broderick's Chapter 93A claim qualifies for an exception, it is time-barred. Broderick argues that her claim is timely on two grounds: (1) the discovery rule, and (2) the fraudulent concealment doctrine. Neither ground saves her claim.

      i.      Discovery Rule

Broderick argues that her claim is timely because, under the discovery rule, her claim accrued in 2009 when she discovered she was the only borrower listed on the loan documents. The discovery rule provides that a claim accrues when a party knows, or in the exercise of reasonable diligence should know, that she has been injured by the defendant's conduct.[26]

Broderick admits that the loan documents that she signed in January 2008 list her as the sole borrower. These documents contained the information necessary to put Broderick on notice of her claim.[27] Reasonable inquiry, such as reading the documents, would have revealed the terms of the loan. Broderick thus should have know of her injury at the time of the loan closing. As a result, Broderick's Chapter 93A claim accrued in January 2008 and is now time-barred.[28]

---

[26] Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) (citing Felton v. Labor Relations Comm'n, 598 N.E.2d 687, 689 (Mass. App. Ct. 1992)); Bowen v. Eli Lilly & Co., Inc., 557 N.E.2d 739, 741-42 (Mass. 1990).

[27] See Salois, 128 F.3d at 25-27; Ford v. Lehman Capital, No. 10-40092-FDS, 2012 WL 1343977, at *7-8 (D. Mass. Apr. 17, 2012); Mantz v. Wells Fargo Bank, No. 09-12010-JLT, 2011 WL 196915, at *6 (D. Mass. Jan. 19, 2011); Ossers v. Litton Loan Servicing, LP, No. 09-01208-B, 2012 WL 4928874, at *6 (Mass. Super. Ct. Oct. 5, 2012).

[28] See Salois, 128 F.3d at 25-27; Figueroa v. Bank of Am., No. 12-11290-RWZ, 2012 WL 5921043, at *4 (D. Mass. Nov. 26, 2012); Ford, 2012 WL 1343977, at *7-8; Mantz, 2011 WL 196915, at *6. Additionally, "under Massachusetts law, 'one who signs a writing that is designed to serve as a legal document . . . is presumed to know its contents.'" Salois, 128 F.3d at n.10 (citing Hull v. Attleboro Sav. Bank, 596 N.E.2d 358, 362 (Mass. App. Ct. 1992); Lerra v. Monsanto Co., 521 F. Supp. 1257, 1262 (D. Mass. 1981); Connecticut Jr. Republican v. Doherty, 478 N.E.2d 735, 738 (Mass. App. Ct. 1985)). Accordingly, as a matter of Massachusetts law, Broderick was on notice of her claim when she signed the loan documents in January 2008. Id.

ii. Fraudulent Concealment

Alternatively, Broderick argues that her claim is timely because the fraudulent concealment doctrine tolled the statute of limitations until 2009. The Massachusetts fraudulent concealment doctrine tolls the statute of limitations "if the wrongdoer, either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action *and the means of acquiring knowledge of such facts*."[29] This doctrine does not save Broderick's claim for two reasons.

First, Broderick failed to plead fraudulent concealment with the requisite particularity under Federal Rule of Civil Procedure 9(b).[30] In Massachusetts, fraudulent concealment generally requires an affirmative act of fraud.[31] A plaintiff must plead the "time, place, and content" of any fraudulent concealment.[32] Broderick's complaint is devoid of these details.

Second, fraudulent concealment requires not only that the defendant concealed crucial facts, but also that the plaintiff lacked the means to uncover these facts.[33] Broderick had the

---

[29] Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 131 (1st Cir. 1987) (emphasis in original) (quoting Frank Cooke, Inc. v. Hurwitz, 406 N.E.2d 678, 683 (Mass. App. Ct. 1980) (citing cases)); see Mass. Gen. Laws ch. 260, § 12.

[30] Abdallah v. Bain Capital LLC, No. 11–11904–JLT, 2012 WL 3065312, at *4 (D. Mass. July 24, 2012) (citing Epstein v. C.R. Bard, Inc., 460 F.3d 183, 189-90 (1st Cir. 2006)).

[31] Maggio, 824 F.2d at 130. The exception to this rule is that a fiduciary's breach of a duty of disclosure may also constitute fraudulent concealment. Id. at 130-31. Broderick, however, has not alleged a fiduciary relationship between herself and NCM. Nor has Broderick alleged sufficient facts from which this court can reasonably infer a fiduciary relationship. See Frappier v. Countrywide Home Loans, Inc., 645 F.3d 51, 59 (1st Cir. 2011); Superior Glass Co., Inc. v. First Bristol Cnty. Nat'l Bank, 406 N.E.2d 672, 674 (Mass. 1980).

[32] Abdallah, 2012 WL 3065312, at *4 (citing Epstein, 460 F.3d at 189-90).

[33] Maggio, 824 F.2d at 131.

means to uncover the terms of the loan at the closing. As discussed above, the loan documents contained the information reasonably necessary to put Broderick on notice of her claim. Accordingly, the fraudulent concealment doctrine does not apply.[34]

IV.     Conclusion

Because Broderick's Chapter 93A claim accrued in January 2008, and she filed this action on April 15, 2012, her claim is barred by the four-year statute of limitations.  PNC's Motion to Dismiss Amended Complaint [#9] is ALLOWED.


AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge

---

[34] See Salois v. Dime Sav. Bank of N.Y., 128 F.3d 20, 26-27 (1st Cir. 1997).